**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALEXANDER L DRAIN | : | |
| | : | |
| Appellant | : | No. 1101 EDA 2025 |

Appeal from the PCRA Order Entered April 4, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0203981-2003

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED JULY 15, 2026**

Appellant Alexander L. Drain appeals from the order denying his serial Post-Conviction Relief Act[1] (PCRA) petition as untimely. On appeal, Appellant claims that the PCRA court erred in dismissing his petition as untimely. After review, we affirm.

The facts of this case are not relevant to our disposition. A prior panel of this Court summarized the procedural history of this case as follows:

> On January 23, 2004, a jury convicted [Appellant] of various counts of aggravated assault, attempted rape, burglary, involuntary deviate sexual intercourse, and recklessly endangering another person.[FN3] On February 11, 2005, the trial court sentenced [Appellant] to an aggregate term of 40 to 80 years' imprisonment.[FN4] This Court affirmed [Appellant's] judgment of sentence on August 24, 2007. **Commonwealth v. Drain**, 341 EDA 2006 (Pa. Super., filed Aug. 24, 2007) (mem. op.). On December 21, 2007, the Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal. [Appellant]

_____

[1] 42 Pa.C.S. §§ 9541-9546.

filed a *pro se* PCRA petition on July 24, 2008.  The PCRA court appointed counsel on July 27, 2009, and an amended petition was filed on February 23, 2010.  On May 26, 2010, the PCRA court issued notice of its intent to dismiss [Appellant's] petition pursuant to Pa.R.Crim.P. 907, and ultimately dismissed [his] petition thereafter on July 28, 2010.

> FN3 18 [Pa.C.S.] §§ 2702; 3121; 3502; 3123 and 2705, respectively

> FN4 The trial court initially suspended the imposition of [Appellant's] sentence pending a hearing on the constitutionality of the Registration of Sexual Offenders Act (commonly referred to as "Megan's Law"), 42 [Pa.C.S.] § 9791, et seq.  Following a hearing, the trial court declared Megan's Law unconstitutional.  On appeal, the Supreme Court reversed the trial court's order on November 21, 2007, and remanded for a Sexually Violent Predator ("SVP") hearing.  Following a hearing, [Appellant] was ultimately determined to be an SVP on April 23, 2008.

*See Commonwealth v. Drain*, 64 A.3d 273, 2493 EDA 2010, at 1-2 (Pa. Super. filed Jan. 10, 2013) (unpublished mem.) (some formatting altered). This Court affirmed the dismissal of Appellant's first PCRA petition on January 10, 2013 and our Supreme Court denied Appellant's petition for allowance of appeal on July 3, 2013. *See id.*; *Commonwealth v. Drain*, 70 A.3d 809, 94 EAL 2013 (Pa. 2013).

Appellant filed his second PCRA petition on December 15, 2016, which the PCRA court dismissed on August 26, 2017.  On March 30, 2018, Appellant filed a third PCRA petition in which he alleged that he never received the order dismissing his second PCRA petition.  On July 20, 2021, the PCRA court granted Appellant's third PCRA petition and reinstated Appellant's right to appeal the dismissal of his second PCRA petition *nunc pro tunc*.  However,

Appellant did not file a notice of appeal.  On October 19, 2021, Appellant filed a fourth PCRA petition, in which he alleged that he never received the PCRA court's order granting his third PCRA petition.  The PCRA court granted Appellant's fourth PCRA petition on July 25, 2024 and reinstated his right to appeal his second PCRA petition *nunc pro tunc*.[2]  However, Appellant did not file a notice of appeal.

On August 16, 2024, during the period in which he could appeal his second PCRA *nunc pro tunc*, Appellant filed the instant PCRA petition, his fifth.[3] The PCRA court entered a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's fifth PCRA petition on March 3, 2025.  Appellant responded on March 14, 2025.  On April 4, 2025, the PCRA court formally dismissed Appellant's fifth PCRA petition as untimely.  Appellant filed a timely notice of appeal.  The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement.

On appeal, Appellant raises the following issues for our review:

_____

[2] This order contains a proof of service showing that it was served on Appellant.  **See** PCRA Ct. Order, 7/25/24.  Appellant also sent the PCRA court a letter stating, *inter alia*, that he had received the order.  **See** Letter, 7/31/24.

[3] Because Appellant failed to file an appeal from the July 25, 2024 order reinstating his right to appeal from the denial of his second PCRA petition, his current PCRA petition is properly before us. ***See Commonwealth v. Zeigler***, 148 A.3d 849, 852-53 (Pa. Super. 2016) (stating that PCRA petitioners have a choice of whether to appeal the denial of a prior petition or file a new petition and that, as long as they do not timely appeal the dismissal of the prior petition, their subsequent petition filed during the time to appeal the prior petition is not premature or subject to dismissal due to a pending appeal).

1. Did the PCRA court err when it denied the claim [alleging that] the court of common pleas still ha[d] jurisdiction over [Appellant's] initial timely filed PCRA proceedings, where the court failed to enter a[n] order that disposed of all the claims which were properly before the court, as being untimely because there was no government interference.

2. Did the PCRA court err when it denied relief, where the court ruled that no government interference occurred in the ordinary channels of appellate review.

Appellant's Brief at 5 (some formatting altered).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> Our standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and some formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "**no court** has jurisdiction to hear an untimely PCRA petition" (citation omitted and emphasis in original)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)."

- 4 -

*Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17; 42 Pa.C.S. § 9545(b)(3).

Appellant's judgment of sentence became final on March 20, 2008, ninety days after our Supreme Court denied his petition for allowance of appeal when his time to seek certiorari in the United States Supreme Court expired. *See Jones*, 54 A.3d at 16-17; 42 Pa.C.S. § 9545(b)(3); *see also* U.S. Sup. Ct. R. 13 (stating that a writ of certiorari is timely when filed "within 90 days after entry of the [state court of last resort's] order denying discretionary review"). Therefore, Appellant had until March 20, 2009, to file a timely PCRA petition. *See Jones*, 54 A.3d at 16. Accordingly, his fifth PCRA petition, which was filed over sixteen years after his judgment of sentence became final, is facially untimely.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2).[4] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

"To establish the governmental interference exception, a petitioner must plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence." *Commonwealth v. Kennedy*, 266 A.3d 1128, 1135 (Pa. Super. 2021) (citation omitted and some formatting altered).

Here, Appellant pleads the governmental interference exception. *See* Appellant's Brief at 8. Specifically, he alleges that the PCRA court failed to enter a final order dismissing all claims in his first PCRA petition and that its failure to do so created a lack of jurisdiction for the appeal of his first PCRA petition to this Court. *See id.* at 8-9. Appellant bases this assertion on the

_____

[4] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

PCRA court's alleged failure to review the claims presented in his first *pro se* PCRA petition and its focus on the amended first PCRA petition filed by counsel. *See id.* at 11-13. Further, he argues that this Court finding that he waived his claims of PCRA counsel's ineffective assistance during the appeal of his first PCRA petition constituted governmental interference, "which prevented him from presenting his claims during the initial PCRA proceeding." *Id.* at 19-22.

The PCRA court determined that Appellant failed to plead and prove the governmental interference exception to the PCRA's time-bar and, therefore, concluded Appellant's fifth PCRA petition was untimely. *See* PCRA Ct. Op., 4/5/25, at 1-2, 4 (unpaginated).

After our review of the record, we conclude that the PCRA court's dismissal of Appellant's fifth PCRA petition as untimely is supported by the record and free of legal error. *See Sandusky*, 203 A.3d at 1043. Specifically, the record reflects that Appellant failed to raise his time bar exception argument within sixty days of when it could have been presented.[5] *See* 42 Pa.C.S. § 9545(b)(2). Initially, we note that Appellant's assertion of governmental interference is based upon court proceedings in the PCRA court

---

[5] Because Appellant's timeliness issue arose prior to December 24, 2017, the legislature's 2018 amendment of Section 9545(b)(2) does not apply to Appellant's claim and, therefore, he only had sixty days from his discovery of the alleged governmental interference to raise it. *See* 42 Pa.C.S. § 9545(b)(2) (effective through December 23, 2018) (stating that "[a]ny petition invoking [a time-bar exception] shall be filed **within 60 days** of the date the claim could have been presented" (emphasis added)).

as well as this Court that occurred from July 2008 until July 2013. *See* Appellant's Brief at 8-22; *see also Drain*, 2493 EDA 2010; *Drain*, 94 EAL 2013. Accordingly, Appellant could have raised the alleged governmental interference that he now argues makes his fifth PCRA petition timely in 2013 after our Supreme Court denied his petition for allowance of appeal after this Court affirmed the dismissal of his first PCRA petition.

Moreover, Appellant previously raised his argument regarding the above alleged government interference in his *pro se* second PCRA petition, which he filed on December 15, 2016. *See* Second PCRA Petition, 12/15/16. The PCRA court dismissed Appellant's second PCRA petition on August 28, 2017. *See* PCRA Ct. Order, 8/28/17. However, because the record did not reflect that the dismissal order was served on Appellant, the PCRA court reinstated Appellant's appellate rights from the dismissal of his second PCRA petition on July 20, 2021. *See* PCRA Ct. Order, 7/20/21; *see also* Third PCRA Petition, 3/30/18.

On July 25, 2024, the PCRA court once again reinstated Appellant's right to appeal from the dismissal of his second PCRA petition due to the PCRA court's failure to serve the order granting Appellant's third PCRA petition on Appellant. *See* PCRA Ct. Order 7/25/24. However, Appellant failed to appeal from that order.[6] Instead, Appellant filed his fifth PCRA petition, which is here at issue. Accordingly, because Appellant alleges governmental interference

_____

[6] As stated above, the record reflects that Appellant received this dismissal order. *See* PCRA Ct. Order, 7/25/24; Letter, 7/31/24.

- 8 -

that he could have raised in 2013 and previously raised in his second PCRA petition in 2016, the timeliness argument he now raises in his fifth PCRA petition fails. *See* 42 Pa.C.S. § 9545(b)(2). Therefore, Appellant's fifth PCRA petition is untimely and the PCRA court did not err in dismissing it. *See* *Sandusky*, 203 A.3d at 1043; *Ballance*, 203 A.3d at 1031.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/15/2026